# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANA DIVISION

_____           :        **Civil Action No.**
**IN RE NETBANK, INC.**                      :        **1:07-cv-2298-TCB**
**SECURITIES LITIGATION**                    :
_____           :        **JURY TRIAL DEMANDED**


## CLASS PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION
## <u>FOR RECONSIDERATION</u>

# TABLE OF CONTENTS

I.     Defendants' Motion Is Moot Because the Court Properly Certified the Class When It Made an Independent Finding of Market Efficiency Based on the Shaked Report to Which Defendants Attribute No Error.................................1

II.    Reconsideration Is Inappropriate Because the Court's Order Does Not Even Approach the High Threshold Set for Reconsideration Motions....................2

III.   The Court's Grant of Class Certification Was the Product of a Properly Conducted "Rigorous Analysis" that Exceeded the Standards for the Application of Rule 23 Established in this District and Circuit......................4

IV.    Judge Martin Properly Certified the Class and Did Not Commit Any of the Purported Seven "Clear Errors" that Defendants Advance...........................7

       A.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" BY NOT DECIDING THE ADMISSIBILITY OF THE MILLER REPORT BECAUSE NO SUCH FINDING WAS REQUIRED AND THE COURT MADE AN INDEPENDENT FINDING BASED ON THE UNCHALLENGED SHAKED REPORT..........................................................................................7

       B.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" BY CITING TO *DRAYTON* BECAUSE IT REMAINS PERSUASIVE AUTHORITY. ...........................................................12

       C.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" GIVEN CERTAIN RECORD EVIDENCE BECAUSE THE COURT CONSIDERED AND REJECTED DEFENDANTS' EVIDENCE. ...................................................................................15

       D.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" SIMPLY BECAUSE IT "APPEARS" TO DEFENDANTS THAT THE COURT CONCLUDED IT NEED NOT CONSIDER DEFENDANTS' REBUTTAL EVIDENCE BECAUSE DEFENDANTS' WAS CONSIDERED AND FOUND UNPERSUASIVE. ...........................................................................17

       E.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" BY PURPORTEDLY FAILING TO "MEANINGFULLY WEIGH" COMPETING EXPERT TESTIMONY BECAUSE HER

HONOR WEIGHED THE TESTIMONY AND FOUND DEFENDANTS' INSUFFICIENT AND UNPERSUASIVE. ...........20

F.    JUDGE MARTIN COULD NOT HAVE COMMITTED A "CLEAR ERROR" BY NOT MAKING AN EXPRESS FINDING OF MATERIALITY BECAUSE NO SUCH FINDING IS REQUIRED AT THE CLASS CERTIFICATION STAGE. ...................................23

G.    JUDGE MARTIN DID NOT COMMIT A "CLEAR ERROR" BY DECLINING TO FOLLOW THE LAW OF THE FIFTH CIRCUIT. ..........................................................................................24

V.    Conclusion ...............................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*AAL High Yield Bond Fund v. Ruttenberg*,
    229 F.R.D. 676 (N.D. Ala. 2005) ........................................................................5

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)..........................................................................................5

*Basic, Inc. v. Levinson*,
    485 U.S. 224 (1988)..........................................................................5, 6, 24, 25

*Blades v. Monsanto*,
    400 F.3d 562 (8th Cir. 2005) ............................................................................22

*Breland v. City of Centerville, Ga.*,
    No. 5:07-cv-27(CAR), 2009 WL 152507 (M.D. Ga. Jan. 21, 2009) ...................3

*Bryan v. Murphy*,
    246 F. Supp. 2d 1256 (N.D. Ga. 2003)...............................................................3

*Carpenters Health & Welfare Fund, et al. v. The Coca-Cola Company*,
    No. 1:00-cv-2838-WBH, 2008 U.S. Dist. Lexis 112315
    (N.D. Ga. Mar. 14, 2008)..........................................................................10, 16

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
    No. 1:04-cv-3066-JEC, 2009 WL 856306 (N.D. Ga. Feb. 9, 2009) .................11

*Cotton v. Georgia*,
    No. 5:07-cv-159 (HL), 2007 WL 2345252 (M.D. Ga. Aug. 14, 2007)...............4

*Drayton v. Western Auto Supply Co.*,
    No. 01-10415, 2002 WL 32508918 (11th Cir. Mar. 11, 2002) ..................*passim*

*Fisher v. Ciba Specialty Chemicals Corp.*,
    No. 03-cv-0566 (WS), 2006 WL 752984 (S.D. Ala. Mar. 21, 2006)................13

*In re PolyMedica Corp. Sec. Litig.*,
    432 F.3d 1 (1st Cir. 2005)................................................................................18

*In re Profit Recovery Group Int'l Sec. Litig.*,
  No. 01-cv-1416-CC, slip op. (N.D. Ga. 2002) (*see* Dkt. 94-3) ..........................19

*In re Salomon Analyst Metromedia Litig.*,
  544 F.3d 474 (2d Cir. 2008) ........................................................................23, 24

*Labauve v. Olin Corp.*,
  231 F.R.D. 632 (S.D. Ala. 2005) ..................................................................10, 14

*LaGrasta v. First Union Sec, Inc.*,
  No. 2:01-cv-251, 2005 WL 1875469 (M.D. Fla. Aug. 8, 2005) ..........................6

*Lipton v. Documentation, Inc.*,
  734 F.2d 740 (11th Cir. 1984) ...........................................................................5

*Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*,
  487 F.3d 261 (5th Cir. 2007) ................................................................23, 24, 25

*Pres, Endangered Areas of Cobb's History, Inc. v. United States Army
  Corps of Eng'rs.*, 916 F. Supp. 1557 (N.D. Ga. 1995), *aff'd*,
  87 F.3d 1242 (11th Cir. 1996) ...........................................................................16

*Reid v. Lockheed Martin Aeronautics Co.*,
  205 F.R.D. 655 (N.D. Ga. 2001) ..................................................................10, 11

*Stefansson v. Equitable Life Assur. Society of U.S.*,
  No. 5:04-cv-040 (HL), 2007 WL 4373263 (M.D. Ga. Dec. 12, 2007) ...............3

*Telecomm Tech. Servs. v. Siemens Rolm Comms.*,
  66 F. Supp. 2d 1306 (N.D. Ga. 1998)..................................................................3

*United States v. Battle*,
  272 F. Supp. 2d 1354 (N.D. Ga. 2003)................................................................3

*Valley Drug Co. v. Geneva Pharms., Inc.*,
  350 F.3d 1181 (11th Cir. 2003) ..............................................................21, 22, 25

*Vega v. T-Mobile USA, Inc.*,
  564 F.3d 1256 (11th Cir. 2009) ..............................................................14, 21, 22

*West v. Prudential Sec., Inc.*,
    282 F.3d 939 (7th Cir. 2002) .......................................................................22, 23


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23 ................................................................*passim*

Federal Rule of Evidence 702..............................................................................7, 8

Appellate Local Rule 36-2 (11th Cir.)....................................................................13

Local Rule 23.1(B) (N.D. Ga.) ..............................................................................14

Local Rule 16.1 (N.D. Ga.)....................................................................................15

Local Rule 7.2(E) (N.D. Ga.)...................................................................................2

Reading the Memorandum of Law In Support of Defendants' Motion for Reconsideration, one might conclude incorrectly that this case is *not pending* within the Eleventh Circuit or that there is a dearth of controlling authority: neither is so. Yet, Defendants ask this Court to disregard Judge Martin's rigorous analysis (exceeding 42 pages) in support of an Order granting class certification (Dkt. 106) (the "Order"), carefully and properly conducted according to the law of this District and Circuit, and somehow find that Her Honor committed an unprecedented number of "clear errors." Defendants' Motion is for naught. Not only did Judge Martin not commit any error, clear or otherwise, had Her Honor committed *any* of the "clear errors" Defendants claim, not one would alter the outcome of the decision to certify the Class. Defendants' Motion should be denied.

## I.  Defendants' Motion Is Moot Because the Court Properly Certified the Class When It Made an Independent Finding of Market Efficiency Based on the Shaked Report to Which Defendants Attribute No Error.

Even if the Court had committed *any* of the myriad purported "clear errors" advanced (it did not), not one would alter the decision to certify the Class because Defendants attribute *no error* to one of the two independent bases on which the Court found that NetBank's stock traded in an efficient market during the Class Period – the Rebuttal Expert Report and Declaration of Professor Israel Shaked in Support of Class Certification ("Shaked Report"). *See* Dkt. 94-19.

In holding that NetBank's stock traded in an efficient market during the Class Period, the Court made two separate findings based on (i) the Miller Report **and** (ii) the Shaked Report. Dkt. 106, at ECF pp. 35-36. Defendants attribute *no* error to findings based on the Shaked Report. Therefore, even if all of Defendants' arguments regarding the Miller Report were correct (they are not), Defendants' Motion fails.

Claiming no error relating to the Shaked Report, Defendants instead suggest Judge Martin should not have considered that Report because it was "untimely." Dkt. 108-1, at ECF p. 8 n.3. Yet, Judge Martin, exercising Her Honor's broad discretion, addressed and resolved that very question, by giving "Defendants an opportunity to respond to these expert reports through the filing of a sur-reply brief [and an additional expert report], it finds that there is no prejudice to the Defendants resulting from *consideration of this evidence*." Dkt. 106, at ECF p. 36 n.11 (emphasis added; citation omitted). Defendants' failure to address the Shaked Report or attribute error to the Order as it relates to that Report dooms the Motion.

## II.    Reconsideration Is Inappropriate Because the Court's Order Does Not Even Approach the High Threshold Set for Reconsideration Motions.

The bases for filing a motion for reconsideration are limited and, even when they do exist, a movant must surmount very high thresholds to succeed.

Local Rule 7.2(E) states: "[m]otions for reconsideration shall not be filed as a matter of routine practice" – and only then when "absolutely necessary." When "absolutely necessary", such motions should only be filed where, unlike here, there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (Martin, J.).

Defendants purport to advance a theory of "clear error"; however, Defendants have not even reasonably approached the threshold necessary to warrant reconsideration. Indeed, as demonstrated below, Defendants' insistence that Judge Martin's refusal to change the law of this Circuit is hardly error and does not warrant a motion for reconsideration. *See Telecomm Tech. Servs. v. Siemens Rolm Comms.*, 66 F. Supp. 2d 1306, 1328 (N.D. Ga. 1998) (Hunt, J.) ("Any frivolous motions for reconsideration filed concerning this order will be met with severe sanctions.").[1] Thus, "a party seeking reconsideration must 'set forth

---

[1] For a "reconsideration motion to succeed, any perceived misapplication [of the law] must rise to the level of a clear error of law. *Stefansson v. Equitable Life Assur. Society of U.S.*, 2007 WL 4373263, at *2 (M.D. Ga. Dec. 12, 2007). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (Evans, J.) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."

facts of a strongly convincing nature to induce the court to reverse its prior decision.'" *Cotton v. Georgia*, 5:07-cv-159 (HL), 2007 WL 2345252, at *2 (M.D. Ga. Aug. 14, 2007) (citation omitted). Defendants' Motion should be denied.

### III. The Court's Grant of Class Certification Was the Product of a Properly Conducted "Rigorous Analysis" that Exceeded the Standards for the Application of Rule 23 Established in this District and Circuit.

In the Order, Judge Martin expressly stated that the Court must perform a "rigorous analysis" and observed that "even where undisputed 'a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case.'" Dkt. 106, at ECF p. 3 (quoting *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.37 (11th Cir. 2003)). Notably, the Defendants *conceded* virtually every aspect of the Rule 23 requirements, including all of the elements of Rule 23(a), numerosity, commonality, adequacy. *Cf.* Dkt. 76 generally & at ECF p. 10 n.2. Of the two Rule 23(b)(3) elements, superiority and predominance, the Defendants *conceded* superiority and did not address the factors in Rule 23(b)(3)(A)-(D). *Id.* Rather, Defendants limited their challenge to the Rule 23(b)(3) element of "predominance." (Dkt. 76, at ECF p. 10 n.2). Even then, the Defendants failed to address seven of the eight factors of the operative predominance analysis. (Dkt. 94-

---

*Breland v. City of Centerville, Ga.*, No. 5:07-cv-27(CAR), 2009 WL 152507, at *1 (M.D. Ga. Jan. 21, 2009) (citation omitted).

2, at ECF p. 5; Dkt. 76, at ECF p. 12, n.4; Dkt. 72-2, ¶13). Nevertheless, the Court analyzed every element of Rule 23(a) and (b), including the eight factors relevant to the predominance analysis and certified the Class. (Dkt. 106, at ECF pp. 5-42).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Often, the predominance test is 'readily met in...cases alleging consumer or securities fraud.'" *AAL High Yield Bond Fund v. Ruttenberg*, 229 F.R.D. 676, 682 (N.D. Ala. 2005) (quoting *Amchem Prods.*, 521 U.S. at 625). Indeed, the Supreme Court has adopted the widely recognized "fraud on the market" theory which relieves the plaintiff of the burden of proving actual, individualized reliance on a defendant's misstatement by permitting a rebuttable presumption that the plaintiff relied on the "integrity of the market price," which incorporated the misstatement. *Id.* at 247. Under the fraud-on-the-market doctrine, as announced in *Basic, Inc. v. Levinson*, 485 U.S. 224, 227 (1988), securities fraud plaintiffs are entitled to a rebuttable presumption of reliance where they allege their shares were purchased on an "open and developed" (*i.e.*, efficient) market. *Id.* at 241; *see also Lipton v. Documentation, Inc.*, 734 F.2d 740, 745 (11th Cir. 1984) (presumption of reliance exists under "fraud on the market" theory where the plaintiffs in class actions allege "fraudulent

misrepresentations or omissions…affected security prices on a developed open market").[2] An efficient market is one in which "the market price of shares…reflects all publicly available information, and, hence, any material misrepresentations." *Basic*, 485 U.S. at 247.[3]

Following an analysis of the undisputed Rule 23(a) factors (*id.* at 5-14), the Rule 23(b)(3) factor of superiority (*id.* at 40-42), and the seven undisputed market efficiency factors underlying the Rule 23(b)(3) predominance analysis (*id.* at 23-31), the Court devoted over eight pages (approximately one-fifth) of its opinion to the *only* market efficiency factor that Defendants did challenge – the empirical response factor – and to which analysis Defendants attribute "clear error" for a purported lack of rigor. *Id.* at 32-40.

_____

[2] To qualify for the reliance presumption, plaintiffs typically need only show that the subject security was traded on an exchange like NASDAQ (as was the case here), which is, by definition, an efficient market. *See, e.g., LaGrasta v. First Union Sec, Inc.*, 2:01-cv-251, 2005 WL 1875469, at *11 (M.D. Fla. Aug. 8, 2005).

[3] *See also Basic*, 485 U.S. at 247 n.24. ("For purposes of accepting the presumption of reliance in this case, we need only believe that market professionals generally consider most publicly announced material statements about companies, thereby affecting stock market prices."). To determine whether a security trades on an efficient market, courts in this District generally consider, as did Judge Martin, eight non-exclusive factors. *See, e.g.*, *In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d at 1325 (listing factors) (citations omitted). Of the eight "market efficiency" factors, the Defendants challenged *only* the fifth factor – the existence of empirical facts "showing a cause and effect relationship between unexpected corporate events or financial releases and an immediate response in the stock price" – sometimes referred to as the "empirical response" factor. *Id.* at 1325.

## IV.     Judge Martin Properly Certified the Class and Did Not Commit Any of the Purported Seven "Clear Errors" that Defendants Advance.

Notwithstanding Judge Martin's extensive and rigorous analysis, Defendants claim supposed errors that are not even arguable, let alone "clear." Defendants' arguments rely primarily upon misinterpretations or misstatements of the law of this District and Circuit, and otherwise, ignore or disregard controlling authority while advancing a patchwork of standards cobbled together from caselaw in other Circuits which are inconsistent with one another and the law of this Circuit. Based on a selective collection of discrete aspects of those authorities, Defendants purport to attribute "clear error" to the Order where none exists, calling into question the propriety of the Motion itself.

### A.     Judge Martin Could Not Have Committed a "Clear Error" by Not Deciding the Admissibility of the Miller Report Because No Such Finding Was Required and the Court Made an Independent Finding Based on the Unchallenged Shaked Report.

The Court's decision to consider, analyze and weigh, without deciding whether to ***admit or refuse to admit***, the parties' dueling experts reflects an appropriate application of the law of the Eleventh Circuit.

In an attempt to conjure some "error", Defendants advance a standard no court has endorsed, that it is a clear error of law to not decide the *admissibility* of challenged expert testimony under FRE 702 at the class certification stage. Dkt.

108-2, at ECF pp. 7, 8, 10. The argument is: a court must base a class certification decision on "evidence" and when the court relies upon a challenged expert opinion without first deciding its "admissibility" for FRE 702 purposes, it is not "evidence" because it is not "before" the court. Defendants fail to cite (and Class Counsel have not found) a single case in the Eleventh Circuit that stands for that proposition. Indeed, Defendants' argument is so specious that they cannot articulate it without contradiction. For example, Defendants begin "the Court certified a class without deciding whether the challenged opinion testimony from Mr. Miller was admissible under Rule 702. (Dkt. 106, at ECF p. 23 n.8). Defendants respectfully submit that this was clear legal error." Dkt. 108-2, at ECF p. 7. Yet, in the very next sentence, Defendants characterize the Miller report as "evidence." *Id.* Equally ironic is that Defendants premise much of their argument on a challenge to *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918 (11th Cir. Mar. 11, 2002), arguing that "[t]he Eleventh Circuit's observation in *Drayton* that 'a district court does not address the merits of the claims' in deciding class certification and its suggestion that a district court may rely on the allegations in the Complaint (**as opposed to evidence**) in determining whether Rule 23 is satisfied, *see* 2002 WL 32508918, at *6, are emblematic of the obsolete pre-2003 mindset pervading the opinion." Dkt. 108-2, at ECF p. 10 (emphasis added). The

8

trial court in *Drayton* granted class certification, accepting the statistical analyses of the plaintiff's expert without performing a *Daubert* analysis. *See* 2002 WL 32508918, at *6 n.13. Affirming in part, the Eleventh Circuit held that, as here, defendants "presented no authority establishing a court must perform a *Daubert* inquiry of scientific evidence at this early stage of a class action proceeding." *Id.* The district court, as here, "carefully reviewed 'the pleadings, motions, declarations, affidavits, depositions, statistical analyses, and other materials in the court file'" and, therefore, "appropriately analyzed all the **evidence** before it in determining whether class certification was appropriate under the requirements of Rule 23." *Id.* at *6 (emphasis added). Not only can the Defendants point to no authority in support of their position, *Drayton* characterized expert testimony accepted without a *Daubert* inquiry as the very type of "evidence" Defendants claim was lacking. Moreover, Defendants' admissibility argument has no bearing on the Shaked Report because they did not file a *Daubert* motion challenging it.

Nevertheless, both the Court and the Class agree that the Court must "consider" the merits at the class certification stage. *See e.g.*, Dkt. 106, at ECF p. 5 (citing *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003)). Defendants distort the Court's acknowledgement of and proper discharge of that duty by attacking the "merits" language in *Drayton v. Western*

*Auto Supply Co.*, No. 01-10415, 2002 WL 32508918 (11th Cir. Mar. 11, 2002), as

outdated. Yet, Defendants fail to acknowledge that Judge Martin quoted *Drayton*

for a very different proposition – that the defendants in that case, as here,

"presented no authority establishing a court *must* perform a *Daubert* inquiry of

scientific evidence at this early stage of a class action proceeding." *Id.* at *6 n.15

(emphasis added). Absent *any* authority, Defendants' "admissibility" argument is

not even "arguable" and fails without more.

In fact, courts in the Eleventh Circuit frequently decline to undertake the

complex and time-consuming *Daubert* inquiry that the Defendants insist was clear

error not to perform here. *See Labauve v. Olin Corp.*, 231 F.R.D. 632, 644 (S.D.

Ala. 2005) ("full-blown *Daubert* investigation is premature at the class

certification stage") (citing *Drayton*, 2002 WL 32508919, at *6 n.13)). *See also*

*Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 661 (N.D. Ga. 2001)

(Forrester, J.) (deciding class certification "[w]ithout addressing the full panoply of

issues relevant to the *Daubert* analysis" and holding in abeyance defendants'

*Daubert* motions to exclude plaintiffs' class certification experts); *cf. Carpenters*

*Health & Welfare Fund v. The Coca-Cola Company*, No. 1:00-cv-2838-WBH,

2008 U.S. Dist. Lexis 112315, at *6 (N.D. Ga. Mar. 14, 2008) (Hunt, J.)

("declin[ing] to consider the question of whether Defendants' [motion to exclude

the plaintiff's expert's testimony in support of class certification] is appropriately brought at the class certification stage). When courts in this Circuit do assess expert testimony at the class certification stage, they often make a limited inquiry aimed at satisfying *Daubert*'s "gate-keeping" function while ensuring that class certification proceedings do not digress into an examination of issues better left for summary judgment or trial. *Columbus Drywall & Insulation, Inc. v. Masco Corp*., 2009 WL 856306 at *3, *6 (N.D. Ga. Feb. 9, 2009) (Carnes, C.J.); *Reid*, 205 F.R.D. at 661 n. 5. In *Columbus* the court rejected a similar argument, finding:

> That [defendant's] expert is able to offer a contrary interpretation of [plaintiff's expert's] data is not at all surprising, and certainly is not fatal to [plaintiff's expert's] analysis. [Defendant's] argument on this point essentially amounts to a battle of the experts that must be resolved by a jury. Daubert does not permit the Court to "evaluate the credibility of opposing experts and the persuasiveness of competing scientific studies." *Quiet*, 326 F.3d at 1341.

2009 WL 856306, at *6. Defendants urge such a digression and, yet, charge error.

Although Judge Martin did not decide the *Daubert* motions, the Court distinguished between the rigorous analysis, including analysis of expert reports, that it was to undertake in determining all of the elements of Rule 23 were satisfied and the question of whether the parties' expert opinions were *admissible* under *Daubert*. Introducing over eight pages of analysis of market efficiency analysis and the parties' expert opinions, the Court identified the parties' initial expert reports

and generally set forth their arguments. Dkt. 106, at ECF pp. 21-36. The Court analyzed the parties' competing expert opinions and resolved the legal and factual disputes necessary to reach its decision to certify the Class. For example, the Court stated (Dkt. 106, ECF pp. 35-36):

> it finds the Defendants' arguments concerning Mr. Miller having used insufficient numbers of data points, and that two of these days demonstrated market inefficiency, to be unpersuasive. This is true in light of (1) the actual study performed by Mr. Miller and (2) the subsequent study and findings by Mr. Shaked.

Thus, the Court drew a clear distinction between the difficult task it undertook in resolving the relevant factual and legal disputes necessary to finding that each of the elements of Rule 23 had been satisfied, versus deciding the *Daubert* motions. Defendants' claim that the Court committed a "clear error" of law is plainly wrong, unsupported by *any* applicable law of the Eleventh Circuit or this District, and inconsistent with the Court's opinion.

### B. Judge Martin Could Not Have Committed a "Clear Error" by Citing to *Drayton* Because It Remains Persuasive Authority.

Defendants assert that the Court's Order also erred by placing reliance on the Eleventh Circuit's decision in *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918 (11th Cir. Mar. 11, 2002) "and similar district court cases as grounds to avoid resolving Defendants' motion to exclude prior to granting class certification." Dkt. 108-2, at ECF pp. 8-9.

12

Defendants claim the Court committed "clear error" because, as an unpublished opinion, "*Drayton* is not considered **binding** precedent." Dkt. 108-2, at ECF p. 9 (emphasis added). However, *Drayton*, decided *per curium*, "*may be cited as persuasive authority*." 11th Cir. R. 36-2 (emphasis added). Defendants ignore that aspect of the Appellate Court rules and cite no authority contrary to *Drayton* - whether binding or persuasive. Although Defendants cite to extra-judicial authorities, courts in this Circuit continue to follow the law in this Circuit, including the general view expressed in *Drayton*. *See, e.g., Fisher v. Ciba Specialty Chems. Corp.*, No. 03-cv-0566 (WS), 2006 WL 752984, at *4 (S.D. Ala. Mar. 21, 2006) ("judicial economy and efficiency obviate any need to address these matters via separate motions, briefing or *Daubert* hearing antecedent to the Rule 23 hearings").

Defendants also claim that reliance on *Drayton* was clear error because they view that case, which is still persuasive authority in this Circuit, as "outdated" and "outmoded" Dkt. 108-2, at ECF pp. 2, 8. That argument necessitated exceptional temerity because, in support, Defendants assert that the error is evidenced by the Court's "fail[ure] to adhere to recent Eleventh Circuit **and other circuit court precedent**." Dkt. 108-2, at ECF p. 3. Yet, "**other circuit court precedent**", is neither binding nor persuasive. The "recent Eleventh Circuit precedent" is,

presumably, *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) which does not support Defendants' contentions. *See infra* p. 21, n.7.

Defendants also incorrectly claim reliance on *Drayton* was also "clear error" because "*Drayton* (like the Georgia district court cases cited in footnote 8 of the Order) predated important amendments to Rule 23 that became effective in 2003". Dkt. 108-2, at ECF p. 9. That is wrong: footnote 8 cites to *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 644 (S.D. Ala. 2005), which *postdates* the 2003 amendments.

Citing to the Third Circuit's opinion in *Hydrogen Peroxide*, Defendants argue that the prior requirement [under Rule 23] of a ruling 'as soon as practicable' has been relaxed to allow time for appropriate discovery and evaluation of issues bearing on the Rule 23 analysis." Dkt. 108-2, at ECF p. 9. However, Local Rule 23.1(B) states, in part, "in any class action brought pursuant to the Private Securities Litigation Reform Act of 1995,...the plaintiff shall move for a determination under Fed.R.Civ.P. 23(c)(1) within thirty (30) days after all defendants have filed an answer." Yet, the parties here negotiated and the Court approved a proposed consent order that provided for class discovery and briefing with specialized, extended deadlines. *See* Ex. A to Dkt. 65; Dkt. 74.[4]

---

[4] Defendants did not previously contend that further additional time would be required for discovery or "that discovery should be conducted in phases or be limited to or focused upon particular issues." *See* Dkt. 65, at ECF pp.11-12, 17.

14

Finally, Defendants' discussion and quotation of *Drayton*: that "a district court does not address the merits of the claims" (Dkt. 108-2, at ECF p. 10), ignores the facts. Affirming in part, the Court of Appeals explained that the district court, as here, "carefully reviewed 'the pleadings, motions, declarations, affidavits, depositions, statistical analyses, and other materials in the court file'" and, therefore, "appropriately analyzed all the evidence before it in determining whether class certification was appropriate under the requirements of Rule 23." 2002 WL 32508918, at *6. Defendants' attribution of error based on *Drayton* falls flat.

### C. Judge Martin Could Not Have Committed a "Clear Error" Given Certain Record Evidence Because the Court Considered and Rejected Defendants' Evidence.

Defendants assert that in view of certain "record evidence" the Court committed "clear error" by finding that Plaintiff had sufficiently demonstrated market efficiency to permit application of the fraud-on-the-market presumption. Dkt. 108-2, at ECF pp. 17-20. That argument fails for several reasons, not the least of which that Defendants attribute no error to findings based on the Shaked Report.

Second, the Court considered and rejected many of the arguments Defendants now improperly re-raise. For example, Defendants attempt to rehash their misleading "three examples" argument (Dkt. 108-2, at ECF p. 18) which the Court considered and rejected. *See* Dkt. 106, at ECF pp. 34-35. Motions for

15

reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. *Pres, Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs.*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).[5]

Finally, despite the Defendants' implication that the Court did not consider "evidence" (Dkt. 108-2, at ECF pp. 10-12), it expressly accepted the unchallenged

---

[5] Defendants claim Miller did not say the conclusions based on his event study were based on his event study even though, as Defendants acknowledge, Judge Martin clearly understood that Miller's conclusions were based on his event study and credited it as such. Dkt. 108-2, at ECF pp. 16-17. Nevertheless, Defendants do not challenge the propriety of using an event study, but rather whether Miller used a sufficient number of variables and what they believe the results of the event study show. That cannot support a finding of error. In *Carpenters Health & Welfare Fund, et al. v. The Coca-Cola Co.*, 1:00-cv-2838-WBH, 2008 U.S. Dist. LEXIS 112315, (N.D. Ga. Mar. 14, 2008) (Hunt, J.), the defendants moved to exclude the opinions of plaintiffs' expert at the class certification stage. After observing that, in light of the fact that the receipt of a Special Master's opinion on the subject rendered the question moot, Judge Hunt "decline[d] to consider the question of whether Defendants' [Daubert motion] is appropriately brought at the class certification stage." *Id.* at *6 n.1. Challenging the choice of variables in the event study by plaintiffs' expert in a securities fraud class action at the class certification stage, rather than the use of an event study itself, *i.e.*, the methodology, Judge Hunt dismissed defendants' argument, finding "[t]he gatekeeping function of the Court must focus on the underlying methodology rather than the application of the methodology." *Id.* at *12. Moreover, Defendants fail to address two more facts fatal to their claim of error: (a) Defendants' expert did not perform an event study and, therefore, cannot present contrary findings; and (b) Professor Shaked performed an event study in a manner that addressed the Defendants' criticism and reached the same conclusion as Miller, which the Defendants do not challenge. Dkt. 106, at ECF pp.35-36.

Shaked Report as "*evidence*". Dkt. 106, ECF p. 36, n.11. Therefore, Defendants'

claims that the Court erred with respect to the Miller Report because it did not

resolve their *Daubert* motions offer no basis on which to grant reconsideration.

> **D.    Judge Martin Could Not Have Committed a "Clear Error" Simply Because It "Appears" to Defendants That the Court Concluded It Need Not Consider Defendants' Rebuttal Evidence Because Defendants' Was Considered and Found Unpersuasive.**

Although the Court was not required to even consider Defendants' rebuttal

evidence at the class certification stage, it did so and found it insufficient to rebut

the presumption of reliance established by the Plaintiff. The Defendants

nevertheless suggest that "the Court *appears* to have erroneously concluded that it

need not decide whether Defendants' evidence against market efficiency rebutted

the presumption before certifying a class. *See* Order, pp. 36-37." Dkt. 108-2, at

ECF p. 20 (emphasis added). That specious argument fails for myriad reasons.

First, Defendants' argument is little more than a rehash of their motion to

exclude Miller and, more critically, fails to attribute any error to Shaked who

independently concluded that the market for NetBank stock was efficient during

the Class Period and which the Court credited. Dkt. 106, at ECF pp. 35-36.

Second, no authority in this District or Circuit requires a district court to

even consider evidence purporting to rebut the fraud-on-the-market presumption

prior to deciding whether to certify a class and Defendants cite no Eleventh Circuit

authority to support their argument. Notably, the court in *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 7 n.10 (1st Cir. 2005), suggested that rebuttal evidence is restricted to post-certification proceedings. *Id.* ("Assuming the plaintiff gets the benefit of the rebuttable presumption at the class-certification stage, the defendant may still rebut this presumption at trial.") *See also id.* at 17 (holding that the "district court must evaluate the plaintiff's evidence of [market] efficiency critically without allowing the defendant to turn the class certification proceeding into an unwieldy trial on the merits").

Third, the Court considered Defendants' rebuttal evidence and explained why it failed to rebut the presumption of reliance, dismissing the Defendants' arguments and those of their expert. (*See* Dkt. 106, at ECF pp. 37-39). The Court found Plaintiff's evidence of market efficiency sufficient to carry Plaintiff's burden and to rebut Defendants' limited showing. *See* Dkt. 106, at ECF pp. 32-40. The Court held even if Defendants' expert were right and the only portion of Miller' opinion the Defendants did challenge – the empirical response factor – of market efficiency, were wrong that alone was insufficient to rebut the presumption of market efficiency. *See* Dkt. 106, at ECF p. 39 (holding "even if NetBank's stock were to demonstrate negative autocorrelation, this would constitute only one factor

weighing against a finding of efficiency….this factor alone is insufficient to demonstrate inefficiency of the market for NetBank securities").[6]

Fourth, Defendants' characterization of the holding in *In re Profit Recovery Group Int'l Sec. Litig.*, No. 01-cv-1416-CC, slip op., p. 33 (N.D. Ga. 2002) (Cooper, J.) (*see* Dkt. 94-3), and the Court's application of it is wrong. In *In re Profit Recovery*, as here, the Court found that defendants' proffered "empirical response" evidence alone was insufficient to overcome a showing of market efficiency based on all eight market efficiency factors. *See* Dkt. 106, at ECF pp. 36-37. Defendants' argument is particularly unavailing because they offered *no evidence* to challenge seven of the eight market efficiency elements. *See* Dkt. 76.

Finally, in addition to improperly rearguing issues raised below and dismissed, Defendants concede that these arguments are applicable to the *Daubert* motions. Dkt. 108-2, at ECF p. 17, n.4. Worse yet, Defendants' arguments rely

---

[6] Defendants continue to misstate the facts, claiming Miller ignored evidence of negative autocorrelation. Dkt. 108-2, at ECF p.17, n.4. In fact, Miller considered the level of negative autocorrelation at issue and concluded that it was not meaningful. Dkt. 94-4, at ECF p.10. Defendants have continually attempted to confuse the issue of autocorrelation by implying that any level of autocorrelation renders a stock inefficient. Dkt. 94-4, at ECF pp.11-12. The appropriate question is not whether the market for NetBank stock demonstrated the existence of any negative autocorrelation or even statistically significant autocorrelation, but rather whether the autocorrelation observed rendered it inefficient. *Id.* Plaintiffs' experts have demonstrated that it is not. *See*, *e.g.*, Dkt. 94-4, at ECF pp. 10-18; Dkt. 105-2, at ¶¶ 20-26.

upon gross distortions of the record by, for example, claiming Miller "testified that NetBank's stock price movements during the class period did not conform to even the more basic 'weak form' of the efficient market hypothesis, which is subsumed within the semi-strong form", and, therefore, he conceded the market was inefficient. Dkt. 108-2, at pp. 14-15. That conclusion ignores the testimony that follows just a few lines after the testimony Defendants cite. Miller also testified that "I don't think weak form would be operative. It appears certainly that semi strong would be the correct description.…" Dkt. 94-6, 107:17-20. Defendants remaining arguments are similarly specious.

### E. Judge Martin Could Not Have Committed a "Clear Error" by Purportedly Failing to "Meaningfully Weigh" Competing Expert Testimony Because Her Honor Weighed the Testimony and Found Defendants' Insufficient and Unpersuasive.

The Court properly and adequately considered and "weighed" the competing expert testimony and found the Defendants' submissions lacking. Nevertheless, Defendants contend Judge Martin committed "clear error" by "refus[ing] to meaningfully weigh Mr. Miller's testimony concerning market efficiency… against competing evidence offered by Defendants." (Dkt. 102-2, at ECF p. 12). That argument fails for several reasons.

First, the Court held that even if Defendants' expert, David Tabak, was right and the only portion of Miller's opinion regarding market efficiency that

Defendants challenged – the empirical response factor – was lacking, that alone was insufficient to rebut the presumption of market efficiency established based on the Miller Report *and* on the Shaked Report. Dkt. 106, at ECF p. 39.

Second, Defendants' use of the phrase "meaningfully weigh" (*see* Dkt. 108-2, at ECF pp. 12, 13), is a concession that ***the Court did weigh*** the competing evidence. The findings in the Order regarding market efficiency explicitly acknowledged and rejected the arguments of the Defendants' expert. *See* Dkt. 106, at ECF p. 23 ("have provided testimony and a report by their own expert, David Tabak, Ph.D."); *id.* at 34 ("they provide the Declaration and Expert Report of Dr. Tabak in support"); *id.* at 38 ("Defendants also cite to Dr. Tabak's analysis"); and *id.* at 39 (observing Plaintiff's expert, Professor Wyner, "concluded that Dr. Tabak's finding of SSNAC was wrong"). Whether the Court *described* to Defendants' satisfaction that it weighed the Miller Report *enough* is not error.[7]

---

[7] The Order is consistent with the Eleventh Circuit authorities Defendants cite. Defendants cite *Vega*, 564 F.3d at 1267, for the unremarkable proposition that "the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Dkt. 108-2, at ECF p.13. That proposition derives from *Valley Drug* which Judge Martin cited. *See* Dkt. 106, at ECF p. 5. Based on their *Vega* quotation, Defendants conclude that the Court committed clear error by not resolving the parties' "'battle of the experts' as to market efficiency." *Id.* However, Defendants' quotation is incomplete as it fails to attribute the (incompletely) quoted language to *Valley Drug*. *Compare Vega*, 564 F.3d at 1266 *with* Dkt. 108-2, at ECF p. 13. In so doing, Defendants also omit the language from *Valley Drug* that introduces the quoted

Finally, Defendants incorrectly attribute "clear error" to the Court's decision not to decide *Daubert* motions at the class certification stage by attempting to expand the Court's duty to "consider the merits" to the extent necessary to resolve an element of Rule 23, to also require the resolution of a "battle of the experts" at the class certification stage. *See* Dkt. 108-2, at ECF p. 13. That is not the law in this district and Defendants cite no authority to the contrary.[8]

---

language (which *Vega* included), that "'Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage…'" *See Vega*, 564 F.3d at 1266 (quoting *Valley Drug*, 350 F.3d at 1188 n.15). Even if the Defendants had quoted *Vega* accurately, it does not hold that a district court's refusal to resolve a battle of the experts at the class certification stage is error – nor does any other case in the Eleventh Circuit. Rather, *Valley Drug* and *Vega* require a trial court to consider the merits to the degree necessary to determine whether the requirements of Rule 23 are satisfied. Thus, Judge Martin properly declined to "decide the merits", but properly considered them in certifying the Class.

[8] Defendants' extra-judicial authorities are unavailing. For example, Defendants quote *Blades v. Monsanto*, 400 F.3d 562, 575 (8th Cir. 2005) as follows: "[i]n ruling on class certification, a court may be required to resolve disputes concerning the factual setting of the case," including "the resolution of expert disputes concerning the import of evidence…." Dkt. 108-2, at ECF 14. Thus, a district court in the Eight Circuit "may", but is not required, to resolve expert disputes when they go to a Rule 23 requirement. Regardless, the question in *Blades* was whether the district court erred by "improperly resolv[ing] disputes between the parties' experts that go to the merits of the case." *Id. Blades* held the district court did not err because its "findings as to the experts' disputes were properly limited" because they did not reach the merits. *Id.* Defendants cite *West v. Prudential Sec., Inc.*, 282 F.3d 939, 938 (7th Cir. 2002) for the proposition that a "clash" of experts on class certification is itself not a sufficient basis on which to apply the fraud on the market presumption. Dkt. No. 108-2, at ECF p. 3. There, the court found that "the [trial] judge observed that each side has the support of a reputable financial economist … and thought the clash enough by itself to support class certification

**F.    Judge Martin Could Not Have Committed a "Clear Error" by Not Making an Express Finding of Materiality Because No Such Finding Is Required at the Class Certification Stage.**

A plaintiff seeking to avail itself of the fraud-on-the-market presumption is not required to make a separate showing (nor is the court required to make a separate finding) of "materiality". Therefore, the Court's application of the "fraud on the market" presumption of reliance was not "clear error" for want of a finding of "materiality." No case in this District holds otherwise and Defendants cite none.

Indeed, in *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 482-83 (2d Cir. 2008), a case on which Defendants rely heavily elsewhere in their Memorandum in an attempt to attribute clear error to other aspects of the Opinion (*see* Dkt. 108-2, at ECF pp. 4, 14, 17, 22, and 23), the Second Circuit rejected the Fifth Circuit's widely discredited view that a plaintiff must affirmatively prove materiality, *i.e.*, a misstatement's effect on market price, at the class certification stage in order to invoke the fraud-on-the-market presumption.[9] *Id.* at 483

---

and a trial on the merits." 282 F.3d at 938. Here, Judge Martin did not find the mere existence of a clash of the experts was sufficient to apply the fraud on the market presumption, but acknowledged the disputed expert testimony (the Shaked Report was not challenged), considered and discussed the competing views and reached a decision based on that analysis. Dkt. 106, at 34-38.

[9] Only the Fifth Circuit requires proof of materiality at the class certification stage. *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 265 (5th Cir. 2007). Judge Martin and every other court outside of the Fifth Circuit, expressly

("[P]laintiffs do not bear the burden of showing an impact on price. The point of *Basic* [485 U.S. at 246 n.24] is that an effect on market price is presumed....").

*Salomon*'s "materiality" holding (which Defendants did not address) illustrates a fundamental problem underlying much of Defendants' Motion. Elsewhere in their Memorandum (*see*, *supra*) (without addressing for the present discussion whether they are accurately presented), Defendants rely on discrete aspects of the holding of *Solomon* in a bid to establish that the Court committed "clear errors" of law. Yet, as to materiality, Defendants cite no controlling authority and fail to address how the Court could have committed "clear errors" of law by following some aspects of *Salomon* (*i.e.,* by not making an independent fining of materiality), and, at the same time, also committed clear errors by not following other aspects of that same decision. Defendants present a conflicting, cherry-picked patchwork of discreet aspects of extra-judicial authorities. Defendants' Motion is without merit.

### G.    Judge Martin Did Not Commit a "Clear Error" by Declining to Follow the Law Of the Fifth Circuit.

The Court did not, and could not have, committed an error by declining to require proof of loss causation at the class certification stage pursuant *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 269-71 (5th Cir.

---

*declined* to adopt the widely criticized *Oscar* decision. *See* Dkt. 106, at ECF at p.39-40 n. 8; *see also* Dkt. 94-2, at ECF p.21 n.13.

2007), because no court in this District or Circuit (or any Circuit other than the Fifth), has ever so held. Defendants insist that the Court committed "clear error" by, in effect, refusing to ignore or misapply the Eleventh Circuit's already stringent standard articulated in *Valley Drug Co.*, 350 F.3d at 1188 n.15, and declining to adopt the Fifth Circuit's widely discredited decision in *Oscar* which invents as new Rule 23 requirement and, by requiring proof of loss causation at the class certification stage, contravenes Rule 23, *Basic, Inc. v. Levinson*, 485 U.S. 224, 227 (1988) and *Valley Drug*. In *Valley Drug* the Eleventh Circuit instructed that a "trial court *can and should consider the merits* of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied" but "*should not determine the merits* of the plaintiffs' claim at the class certification stage." 350 F.3d at 1188 n.5. If the Court followed *Oscar*, requiring proof of materiality and loss causation at the class certification state, the Court would have committed a clear error of law by making a "determination" of the merits on class certification.

## V.    Conclusion

For all of the foregoing reasons, Defendants' Motion should be denied.

Dated:  March 29, 2020                    Respectfully submitted,

                                            /s/ Michael Dell'Angelo
                                          Merrill G. Davidoff, Esq.
                                          Michael Dell'Angelo, Esq.
                                          Lane L. Vines, Esq.
                                          *Admitted Pro Hac Vice*
                                          BERGER & MONTAGUE, P.C.
                                          1622 Locust Street
                                          Philadelphia, PA  19103
                                          Telephone:  (215) 875-3000
                                          Fax:  (215) 875-4604
                                          mdavidoff@bm.net
                                          mdellangelo@bm.net
                                          lvines@bm.net

                                          *Lead Counsel for Lead Plaintiff*
                                          *Robert A. Brown and the Class*

                                          Michael J. Gorby, Esq. (Ga. #301950)
                                          Mary Donne Peters, Esq. (Ga. #573595)
                                          GORBY, PETERS & ASSOCIATES, P.C.
                                          Two Ravinia Drive, Suite 1500
                                          Atlanta, GA  30346-2104
                                          Telephone:  (404) 239-1150
                                          Fax:  (404) 239-1179
                                          mgorby@gorbyreeves.com
                                          mpeters@gorbyreeves.com

                                          *Local Counsel for Lead Plaintiff*
                                          *Robert A. Brown and the Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| _____ | : | **Civil Action No.** |
| **IN RE NETBANK, INC.** | : | **1:07-cv-2298-TCB** |
| **SECURITIES LITIGATION** | : | |
| _____ | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned counsel for the Lead Plaintiff hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized in Local Rules 5.1(C).

Dated:  March 29, 2010                    Respectfully submitted,

                                          /s/ Michael Dell'Angelo
                                          Michael Dell'Angelo, Esq.
                                          *Admitted Pro Hac Vice*
                                          BERGER & MONTAGUE, P.C.
                                          1622 Locust Street
                                          Philadelphia, PA  19103
                                          Telephone:  (215) 875-3000
                                          Fax:  (215) 875-4604
                                          mdavidoff@bm.net

                                          *Lead Counsel for Lead Plaintiff*
                                          *Robert A. Brown and the Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| _____ | : | **Civil Action No.** |
| **IN RE NETBANK, INC.** | : | **1:07-cv-2298-TCB** |
| **SECURITIES LITIGATION** | : | |
| _____ | : | **JURY TRIAL DEMANDED** |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served counsel for all parties in the foregoing matter with a copy of CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION by filing same with the Clerk of Court using the CM/ECF system, which will automatically send email notification and allow electronic access to the filing to the following counsel of record:

Michael R. Smith, Esq.
Benjamin Lee, Esq.
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
(404) 572-4600
(404) 572-5100 Fax
mrsmith@kslaw.com
blee@kslaw.com
*Attorneys for Defendants*

Dated:  March 29, 2010


   /s/ Michael Dell'Angelo

Michael J. Gorby, Esq.                    Merrill G. Davidoff, Esq.

Mary Donne Peters, Esq.             Michael Dell'Angelo, Esq.

GORBY, PETERS &                   Lane L. Vines, Esq.

   ASSOCIATES, P.C.            *Admitted Pro Hac Vice*

Two Ravinia Drive, Suite 1500      BERGER & MONTAGUE, P.C.

Atlanta, GA  30346-2104           1622 Locust Street

Telephone:  (404) 239-1150        Philadelphia, PA  19103

Fax:  (404) 239-1179              Telephone:  (215) 875-3000

mgorby@gorbyreeves.com         Fax:  (215) 875-4604

mpeters@gorbyreeves.com        mdavidoff@bm.net

                                    mdellangelo@bm.net

                                    lvines@bm.net


*Local Counsel for Lead Plaintiff*     *Lead Counsel for Lead Plaintiff*

*Robert A. Brown and the Class*      *Robert A. Brown and the Class*


<sub>kal519677</sub>_920_10 (2) (2)

2