

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE NETBANK, INC. SECURITIES LITIGATION | ) ) | CIVIL ACTION FILE NUMBER 1:07-cv-2298-TCB |

## ORDER

Before the Court[1] are Defendants' motion to exclude Plaintiffs' expert, R. Alan Miller [78], Plaintiffs' motion to exclude Defendants' expert, David I. Tabak, [97], and Defendants' motion for reconsideration [108] of the Court's order [106] granting Lead Plaintiff Robert A. Brown's motion for class certification [68].

## I. Background

The Court's Order on Defendants' motion to dismiss [47] contains a comprehensive discussion of the facts of this case, which will not be repeated here. On April 17, 2009, Mr. Brown filed a motion for class certification[2] [68]. With their response [76] in opposition[3] to this motion,

---

[1] This case was originally assigned to Judge Beverly Martin.

[2] Mr. Brown sought certification under Fed. R. Civ. P. 23(b)(3).

[3] Defendants do not dispute that Plaintiffs' satisfy the four requirements of Fed. R. Civ. P. 23(a).

Defendants filed the report of their own expert, Mr. Tabak, and separately filed a motion to exclude [78] certain opinions of Plaintiffs' expert, Miller, whose report Mr. Brown relies on in his motion for class certification. On June 30, 2009, Plaintiffs filed a motion to exclude [97] Defendants' expert, Tabak.

On August 7, 2009, the Court issued an order[4] ("August order") [106], granting Mr. Brown's motion for class certification [68]. On August 21, 2009, Defendants filed a motion for reconsideration [108] of the portion of the Court's August order granting order class certification. On September 4, 2009, the Court administratively closed the case [113] pending the parties' mediation. Mediation was unsuccessful, and on March 29, 2010, the Court reopened the case. The Court now addresses the parties' *Daubert* motions and Defendants' motion for reconsideration.

## II. Defendants' Motion for Reconsideration

Defendants ask the Court to reconsider the August order granting class certification on the basis that certain conclusions are clearly in error. Defendants contend that the Court must have ruled on the parties' *Daubert*

---

[4] This order also addressed Defendants' motion to compel [67], Plaintiffs' motion to compel [75], and Defendants' motion for leave to file a surreply [104] in opposition to Mr. Brown's motion for class certification.

motions, thereby resolving legal and factual disputes raised by those motions, before ruling on class certification. Thus, by not ruling on the *Daubert* motions, the Defendants aver that the Court committed clear error, as it accepted Plaintiffs' prima facie showing without delving into the merits. Plaintiffs disagree, contending that Defendants' arguments "present a conflicting, cherry-picked patchwork of discreet aspects of extra-judicial authorities" and that their motion is without merit.

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E, N.D. Ga. A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) [hereinafter *P.E.A.C.H.*].

Because reconsideration may only occur under these limited circumstances, a party "may not employ a motion for reconsideration as a

vehicle to . . . repackage familiar arguments to test whether the Court will change its mind." *Brodgdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *see also P.E.A.C.H.*, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."); *Godby v. Electrolux Corp.*, Nos. 1:93-cv-0353-ODE, 1:93-cv-126-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994) ("A motion for reconsideration should not be used to reiterate arguments that have previously been made. . . . [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court has already thought through—rightly or wrongly.") (citations omitted).

Defendants seek reconsideration under the clear error standard; however, Defendants' motion does not meet this onerous standard. The majority, if not all, of their brief is merely repackaging of their arguments in opposition to class certification and seeking to exclude Miller. In both their motion to exclude Miller and their response in opposition to class certification, Defendants contend that certain portions of Miller's opinions regarding market efficiency and the entirety of his loss causation opinion defeat class certification because his opinions are not the result of reliable

4

scientific analyses, are not based on sufficient supporting data, and are in irreconcilable conflict with the facts of the case. The effect of these deficiencies, according to Defendants, is that Plaintiffs cannot establish that NetBank's shares were traded in an efficient market. Thus, Defendants conclude that Plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement, as they are not entitled to the fraud-on-the-market presumption.

In the August order, the Court noted that both sides had filed *Daubert* motions challenging the other side's expert, "effectively creating a battle of the experts." The Court, however, declined to perform *Daubert* analyses at the class certification stage on the basis that it was inappropriate at that stage of litigation. The Court relied on *Drayton v. W. Auto Supply, Co.*, No. 01-10415, 2002 WL 32508918, at *6 n.13 (11th Cir. 2002), and several district court opinions, and concluded that the *Daubert* motions would be held in abeyance.

Even though the Court stated that a full *Daubert* analysis would not be conducted, the Court did not ignore Defendants' concerns with Plaintiffs' expert and the impact of his opinions on class certification. The Court still addressed, quite thoroughly, Defendants' concerns, as Defendants'

response in opposition to class certification contained the same arguments as its motion to exclude Miller.

What Defendants try to minimize is the fact that their arguments are limited to one of the eight factors[5] the Court considered when conducting its market efficiency analysis. For this one factor, the Court ultimately found Defendants' arguments unpersuasive in light of Miller's study *and* the subsequent study and findings of Mr. Brown's rebuttal expert, Professor Israel Shaked.[6] The Court also found Defendants' arguments regarding negative serial autocorrelation specious and held that even if NetBank's stock were to demonstrate negative autocorrelation, it would be only one factor weighing against efficiency and thus was insufficient to defeat a finding of market efficiency. Even when characterized as rebuttal evidence, Defendants' arguments still fail to rebut the fraud-on-the-market presumption. Consequently, as nearly all the evidence weighed in favor of

---

[5] Defendants' challenges were to the factor considering the reaction of NetBank's stock price to unexpected news events. The Court dedicated almost eight pages to this factor and Defendants' arguments against a finding of market efficiency.

[6] Mr. Shaked conducted his own testing, which compared news days to non-news days and the corresponding movement in NetBank stock. He concluded that his test demonstrated that the price of Netbank's stock moved more on news days than non-news days, which indicated a cause-and-effect relationship between the release of new information and actions of stock price.

market efficiency, the Court determined that Plaintiffs were entitled to the presumption of reliance afforded by the fraud-on-the-market theory.

Defendants have failed to articulate a persuasive reason why their arguments defeat or sufficiently rebut the evidence weighing in favor of a finding of market efficiency and Plaintiffs' entitlement to the reliance presumption. *See In re PolyMedica*, 432 F.3d 1, 18 (1st Cir. 2005) ("Many factors bearing on the structure of the market may be relevant to the efficiency analysis, and courts have wide latitude in deciding what factors to apply in a given case, and what weight should be given to those factors.").

Defendants have also failed to convince the Court that it was error to decline to adopt the Fifth Circuit opinion, *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261 (5th Cir. 2007), which imposes the additional requirement of proving loss causation on plaintiffs seeking class certification. Furthermore, Defendants have not presented to the Court binding case law (and the Court cannot find any) that requires an inquiry into materiality at the class certification stage. *See In re Recoton Corp. Sec. Litig.*, 248 F.R.D. 606, 622 (M.D. Fla. 2006) (holding that a materiality inquiry at the class certification is inappropriate).

Finally, Defendants have not presented the Court with binding authority that requires the Court to engage in a full *Daubert* analysis at the class certification stage. The Court finds that the almost forty-two pages of the August order dedicated to class certification, in which the Court goes beyond the pleadings in reaching its conclusion, more than adequately "consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). Consequently, the Court declines Defendants' invitation to rethink what it has already thought through.

### III. The Parties' *Daubert* Motions

As mentioned above, the August order held in abeyance the parties' opposing *Daubert* motions. They are now denied with leave to refile. If Miller or Tabak produce final reports, then the party opposing the expert's opinions shall file a consolidated *Daubert* motion that addresses the alleged deficiencies in both the initial report and the final report. If a page extension is needed, the filing party should file a motion to exceed the page limit prior to filing the *Daubert* motion.

## IV. Conclusion

Defendants' motion for reconsideration [108] is DENIED. Defendants' motion to exclude Miller's opinions [78] and Plaintiffs' motion to exclude Tabak's opinions [97] are DENIED WITH LEAVE TO REFILE.

IT IS SO ORDERED this 27th day of April, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge